IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DELL, INC.,
    Plaintiff,

-vs-

MOSHIN SHAIKH; VIKAS TIWARI;
MINDTREE INFOTECH; MOHAMMAD
AASIF; and ASIF KHAN,
    Defendants.

CAUSE NO.:
AU-19-CA-00610-SS

## ORDER

BE IT REMEMBERED on this day the Court considered the file in the above-styled cause, and specifically Plaintiff Dell, Inc. (Dell)'s Motion for Entry of Default Judgment [#169]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

## Background

This is not the first time Dell has moved for default judgment against Defendants Moshin Shaikh, Vikas Tiwari, Mindtree Infotech, Mohammad Aasif, and Asif Khan (the "Defaulted Defendants"). Dell initially moved for default judgment against the Defaulted Defendants in March 2019. *See* Prior Mot. [#159]. The Court granted that motion in part and denied it in part after concluding that Dell had established entitlement to default judgment as to its trademark infringement, false designation of origin/unfair competition, and false advertising claims, but not as to its state law claims or its federal RICO claims. Order of June 10, 2019 [#166] at 7–8. Dell's instant motion withdraws those state law and federal RICO claims and asks the Court to enter a final default judgment as to its trademark infringement, false designation of origin/unfair

1

competition, and false advertising claims. Mot. Default [#169] at 1. Dell also renews its request for attorney's fees. *Id*.

## Analysis

For the reasons previously laid out in the Court's prior order, Dell is entitled to default judgment on its trademark infringement, false designation of origin/unfair competition, and false advertising claims. Order of June 10, 2019 [#166] at 3–5. Having resolved Dell's entitlement to default judgment on these claims, the Court now considers whether Dell is entitled to attorney's fees.

Dell argues it is entitled to attorney's fees under § 15 U.S.C. § 1116(b)—because the Defaulted Defendants knowingly and intentionally used a counterfeit mark—and 15 U.S.C. § 1117(a)—because this is an exceptional case that stands out from others with respect to the substantive strength of the party's litigating position. The Court agrees that Dell's pleaded allegations demonstrate Dell is entitled to attorney's fees under both of these statutory provisions.

The Fifth Circuit uses a two-step process to calculate attorney's fees. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). First, a court must calculate a "lodestar" figure "by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community" for "similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.*; *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984). In so doing, the court considers whether the attorneys demonstrated proper billing judgment by "writing off unproductive, excessive, or redundant hours." *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The plaintiff has the burden of showing the reasonableness of the hours billed and proving the exercise of billing judgment. *Id.* at 770. When an attorney's

customary billing rate is uncontested and within the range of prevailing market rates, it is presumed to be reasonable. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995).

Dell has submitted billing entries cataloguing the amount of time billed by its law firm for work done in connection with the legal claims asserted here and asks the Court award its customary rates. Given the difficulties encountered and effort expended by Dell during the course of discovery, the Court agrees that Dell is entitled to a substantial fee award. However, the $115,021.70 claimed by Dell for 247.1 hours of work is excessive. It's possible the amount of fees claimed by Dell is so large because Dell's lawyers charge very high hourly rates. Yet it is hard to say for sure, because Dell has not demonstrated to the Court that the claimed rates fall within the range of prevailing market rates for this sort of work. *See La. Power & Light Co.*, 50 F.3d at 328 (holding rates are presumed reasonable when attorney's customary billing rate is uncontested *and* within the range of prevailing market rates). In fact, Dell has not even informed the Court what its claimed hourly rates are. In light of these deficiencies, the Court concludes that Dell is entitled to a fee award of $56,000.46, as well as costs.

## Conclusion

The Court grants Dell's motion for default judgment and concludes the allegations in Dell's complaint establish Dell is entitled to a permanent injunction because the Defaulted Defendants' unlawful use of Dell's marks has caused Dell irreparable harm; because the remedies available at law are inadequate to compensate for that injury; because the balance of equities between the parties warrants such a remedy; and because the public interest would not be disserved by such an injunction. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391

(2006); *S & H Indus., Inc. v. Selander*, 932 F. Supp. 2d 754, 765–66 (N.D. Tex. 2013). The Court also grants Dell's request for attorney's fees and costs to the extent described above.

Accordingly,

IT IS ORDERED that Dell's Motion for Entry of Default Judgment [#169] is GRANTED as to Dell's request for entry of default judgment and GRANTED IN PART as to Dell's renewed request for attorney's fees and costs.

SIGNED this the 19th day of August 2019.

Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE